0UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSTY SCHLOTFELDT, | CIVIL ACTION 1:15-cv-06656 |
| Plaintiff, | |
| v. | COMPLAINT |
| WELLS FARGO HOME MORTGAGE, INC., U.S. BANCORP, EQUIFAX INFORMATION SERVICES, LLC., and EXPERIAN INFORMATION SOLUTIONS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW COMES the Plaintiff, Dusty Schlotfeldt ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Wells Fargo Home Mortgage, Inc., U.S. Bancorp, Equifax Information Services, Inc., and Experian Information Solutions, Inc., as follows:

### NATURE OF THE ACTION

1. This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(3)(C), and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. This action arises under, and is brought pursuant to, the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p (FCRA), 47 U.S.C. §227 (TCPA), and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

4. Venue in this district is proper because each Defendant does business in this district and the all relevant acts or omissions harming Plaintiff occurred in this district.

## PARTIES

5. Plaintiff is a natural person who resides in the Northern District of Illinois. Plaintiff is a consumer within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b). The Plaintiff is also a debtor as defined by the Bankruptcy Code, 11 U.S.C. §101(13).

### Equifax

6. Equifax Information Services, Inc. ("Equifax") is a corporation incorporated in the state of Georgia and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent located in Illinois.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

8. Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### Experian

9. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated in the state of Ohio and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent located in Illinois.

10. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

11. Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### Wells Fargo Home Mortgage, Inc.

12. Wells Fargo Home Mortgage, Inc. ("Wells Fargo") is a mortgage servicer with headquarters located in Sioux Falls, South Dakota, and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent located in Illinois.

13. Wells Fargo is a furnisher of information to the major credit reporting agencies (commonly known as Equifax, Experian and Trans Union) ("CRAs").

### U.S. Bancorp

14. U.S. Bancorp ("US Bank") is a Delaware corporation that maintains its principle place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402. US Bank is a banking subsidiary of U.S. Bancorp which is a National Banking Association that does business all over the United States, including in the State of Illinois.

15. US Bank is a furnisher of information to the major CRAs.

### BANKRUPTCY CASE

16. On May 31, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-22985.

17. Wells Fargo and US Bank were properly listed and scheduled creditors in Plaintiff's bankruptcy. *See* Exhibit A, a true and correct copy of Plaintiff's Chapter 13 bankruptcy Schedules D through F filed with the court.

18. Plaintiff's Schedule D listed a Wells Fargo mortgage account secured by property located at 3238 Kilbourn Ave, Chicago Illinois 60641 ("Kilbourn property"). *Id*.

19. Plaintiff's Schedule D also listed a US Bank mortgage account secured by property located at 4153 N. Albany Ave, Chicago Illinois 60618 ("Albany property"). *Id*.

20. The CRAs, including Equifax and Experian (collectively, "CRA Defendants"), were also listed in Plaintiff's bankruptcy Schedule F for notice purposes. *Id*.

21. On or about June 5, 2013, by virtue of listing Wells Fargo, US Bank, Equifax, and Experian (collectively, "Defendants") as creditors, the Bankruptcy Noticing Center ("BNC") served Defendants with notices of Plaintiff's Chapter 13 bankruptcy filing and Plaintiff's Chapter 13 plan. *See* Group Exhibit B, true and correct copies of the BNC Certificates of Notice establishing service of the Notice of Chapter 13 Bankruptcy Case and Plaintiff's Chapter 13 plan upon all Defendants.

22. The Notice of Chapter 13 Bankruptcy Case expressly states:

> "Creditors Generally May Not Take Certain Actions … Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand payment …" *Id*.

This provision, commonly known the Automatic Stay, prohibits any attempt to collect a debt included in bankruptcy. *See* 11 U.S.C. §362.

23. Plaintiff's Chapter 13 plan proposed to treat Wells Fargo's claim as follows:

> "Debtors are surrendering the real property located at 3238 N. Kilbourn Avenue, Unit 12, Chicago, Illinois 60641 to Wells Fargo Home Mortgage in full satisfaction of its claim." *Id.* at p. 5.

24. Plaintiff's Chapter 13 plan proposed to treat US Bank's claim as follows:

> "Debtors are surrendering the real property located at 4153 N. Albany Avenue, Chicago, Illinois 60618 to US Bank Home Mortgage in full satisfaction of its claim." *Id.* at p. 5.

4

25. On June 12, 2013, Wells Fargo, through its counsel Codilis & Associates, P.C., filed an Entry of Appearance and Request for All Notices in Plaintiff's bankruptcy case. *See* Exhibit C, a true and correct copy of Wells Fargo's Entry of Appearance and Request for All Notices filed in Plaintiff's bankruptcy.

26. Rather than participating in Plaintiff's bankruptcy case, US Bank began to contact Plaintiff in violation of the Automatic Stay. In June 2013, US Bank began to call Plaintiff on his cell phone and send him letters demanding payment for the Albany property loan. *See* Group Exhibit D, true and correct copies of letters sent from US Bank to Plaintiff, demanding payment for the Albany property loan.

27. On July 30, 2013, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. *See* Group Exhibit B.

28. No attorney or representative from Wells Fargo nor US Bank appeared at the 341 Meeting of Creditors.

29. On September 18, 2013, Plaintiff's Chapter 13 plan was confirmed by the Honorable Carol A. Doyle, binding Plaintiff and his creditors to the terms of his Chapter 13 plan. *See* Exhibit E, a true and correct copy of the Order of Confirmation.

30. On November 18, 2013, Wells Fargo, through its counsel, presented its Motion for Relief from the Automatic Stay in Plaintiff's bankruptcy in order to proceed with foreclosure. The Motion acknowledged Plaintiff's confirmed Chapter 13 plan and intent to surrender the Kilbourn property. *See* Exhibit F, a true and correct copy of Wells Fargo's Motion for Relief from the Automatic Stay filed in Plaintiff's bankruptcy case.

31. On November 27, 2013, the Bankruptcy Court granted Wells Fargo's Motion, permitting Wells Fargo to proceed with the foreclosure of the Kilbourn property. *See* Exhibit G,

a true and correct copy of the Order Granting Relief from Automatic Stay in Plaintiff's bankruptcy.

32. Plaintiff fully performed his duties as set forth in his confirmed Chapter 13 plan.

33. On December 19, 2013, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including both the Wells Fargo account and the US Bank account (collectively, "subject debt"). *See* Exhibit H, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon all Defendants.

34. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the Debtor … The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged." *Id* at p. 2.

35. On December 21, 2013, the BNC served Defendants with the Order of Discharge. *Id*.

36. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Wells Fargo and US Bank.

37. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating the business relationship with Wells Fargo and US Bank.

38. Notwithstanding Plaintiff's bankruptcy filing, US Bank has made no less than fifty (50) calls to Plaintiff's cell phone between June 2013 and July 2015 attempting to collect on the Albany property loan.

6

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE**

39. Because the Chapter 13 discharge "eliminates a debtor's legal obligation to pay," the credit reporting industry standards for reporting accounts discharged through Chapter 13 bankruptcy call for reporting both a balance and past due amount of zero. *See* Exhibit I, a true and correct copy of "Frequently Asked Questions and Answers 28," excerpted from the 2011 Consumer Data Industry Association's ("CDIA") Credit Reporting Resource Guide.

40. After his discharge, Plaintiff discovered that his consumer credit file did not reflect the discharged status of the Wells Fargo and US Bank accounts.

**Plaintiff's Written Dispute to the CRAs**

41. On or about March 21, 2014, Plaintiff sent a written dispute to the CRAs, including the CRA Defendants, requesting that his credit file be updated to reflect the zero balance and discharged status of all accounts discharged in his bankruptcy ("dispute"). Plaintiff attached the relevant bankruptcy documents to his dispute. *See* Group Exhibit J, true and correct copies of Plaintiff's dispute to the CRAs.

42. Among other things, Plaintiff's dispute stated the following:

   a. "I am enclosing a copy of the Order Discharging Debtor;"
   b. "Please update the subject credit file(s) to reflect the discharged status of the debts;"
   c. "Report a current balance of '0'" on all discharged accounts;
   d. "Specifically, I am requesting an investigation into the following accounts: US Bank Home Mortgage number 515680045xxxx lists an account balance of $393,082, a past due amount of $17,779, and a post-filing late payment. Wells Fargo Home Mortgage number 93606453xxxx lists an account balance of $292,388, a past due amount of $13,950;" and
   e. "I request that you forward this letter, and the enclosures, to each of the creditors listed above." *Id*.

7

**Experian's Response**

43. On April 9, 2014, Experian responded to Plaintiff's dispute. Experian stated in its response that it "updated" both the Wells Fargo account and the US Bank account. *See* Exhibit K, a true and correct copy of Experian's April 9, 2014 investigation results submitted by Experian to Plaintiff.

44. Although Experian reported both accounts with a zero "recent balance as of April 2014," the reporting of both accounts remained inaccurate as neither account accurately reflected Plaintiff's bankruptcy discharge. *Id.*

45. With regards to the Wells Fargo account [# 9360645326935], Experian inaccurately displayed a balance of $292,388 as of February 2014, a scheduled payment amount of $2,325, and multiple post-bankruptcy filing late payments.[1] *Id.*

46. With respect to the US Bank account [# 6800456553] Experian inaccurately displayed a balance of $393,082 as of March 2014, a scheduled payment amount of $2,963, and multiple post-bankruptcy filing late payments. *Id.*

**Equifax's Response**

47. On April 25, 2014, Equifax responded to Plaintiff's dispute. Equifax stated in its response, "We have researched the [Wells Fargo] account [# 9360645326935] … This creditor has verified to OUR company that the current status is being reported correctly." *See* Exhibit L, a true and correct copy of Equifax's April 25, 2014 investigation results submitted by Equifax to Plaintiff.

---

[1] Credit reporting industry standards require that no late payments are reported in the months following the filing of a Chapter 13 bankruptcy. *See* Exhibit I.

8

48. According to Equifax's response, the Wells Fargo account had a balance of $292,388, a past due amount of $27,987, a scheduled payment amount of $2,327, and multiple post-bankruptcy filing late payments. *Id*.

49. With regards to the US Bank account [# 6800456553], Equifax stated "[t]his account has been updated to show included in bankruptcy ... " However, the US Bank account still reflected a scheduled payment amount of $2,963 and at least one post-bankruptcy filing late payment. *Id*.

### Trans Union's Response

50. It should be noted that Trans Union deleted both the Wells Fargo account and the US Bank account from Plaintiff's credit file in response to Plaintiff's dispute. Upon information and belief, Trans Union deleted the accounts because its investigation revealed that the information provided by Wells Fargo and US Bank was inaccurate. *See* Exhibit M, a true and correct copy of Trans Union's April 29, 2014 investigation results submitted by Experian to Plaintiff.

### Plaintiff's Current Credit File and Re-Insertion of Inaccurate Information

51. On May 14, 2014, US Bank sent a letter to Plaintiff informing him that certain information had been reported to the CRAs regarding the Albany property loan, including the principal balance amount of $393,082.77. *See* Exhibit N, a true and correct copy of the letter sent from US Bank to Plaintiff, giving notice of adverse credit reporting for the Albany property loan.

52. On June 17, 2015, Plaintiff obtained his three-bureau credit report from Equifax, which displays account information from all three CRAs. *See* Exhibit O, a true and correct copy of Plaintiff's three-bureau credit report from Equifax, dated June 17, 2015.

53. Equifax continues to inaccurately report the Wells Fargo account with a balance of $292,388 and delinquent as late as April 2015, with no indication of Plaintiff's bankruptcy discharge, just as it reported in its response to Plaintiff's dispute. Moreover, it is reporting a past due amount of $60,312. *Id*.

54. With regard to the US Bank account, Equifax removed the bankruptcy information and re-inserted a balance of $393,082, a past due amount of $68,529, and late payments as recently as December 2014. *Id*.

55. Similarly, Experian removed the bankruptcy information from the Wells Fargo account and re-inserted a balance of $292,388 and a past due amount of $60,312. Experian still inaccurately reports late payments each month on the Wells Fargo account, as late as June 2015. *Id*.

## Harm Caused by Inaccurate Credit Reporting

56. Plaintiff field his Chapter 13 bankruptcy over two years ago, seeking a fresh start in life. Since then he has taken diligent steps to rebuild his credit.

57. Defendants' inaccurate credit reporting has thwarted Plaintiff efforts to do so.

58. Plaintiff has been unable to purchase a new home as direct result of the erroneous reporting. To potential lenders, it appears that Plaintiff is encumbered by approximately $700,000 in outstanding delinquent mortgage debt. But for the erroneous reporting, Plaintiff would have been able to obtain a mortgage loan. *See* Exhibit P, a true and correct copy of a letter denying Plaintiff's application for a mortgage loan, dated July 6, 2015.

59. Plaintiff was denied other financing on another occasion. *See* Exhibit Q, a true and correct copy of a letter denying Plaintiff the extension of credit, dated January 21, 2015.

10

60. Plaintiff has also had to pay an increase in his homeowners and auto insurance policies as a result of Defendants' inaccurate credit reporting.

61. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of the ability to purchase and benefit from a line credit, the loss of time and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, and monitoring his credit file, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. Wells Fargo and US Bank deliberately report inaccurate information to the CRAs as a means to coerce Plaintiff into paying the discharged subject debt because Wells Fargo and US Bank know that the inaccurate reporting of the mortgage accounts will have a significant impact on Plaintiff's ability to obtain credit.

63. CRA Defendants equally know that the subject debt was discharged, but continue to report the inaccurate information provided by Wells Fargo and US Bank.

64. The ongoing refusal of Wells Fargo and US Bank to correct the inaccurate information, along with the CRA Defendants' reporting of the same, amounts to willful conduct in violation of the FCRA.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX AND EXPERIAN)

65. Plaintiff realleges and reincorporates paragraphs 1 through 64 above as if fully set out herein.

66. CRA Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit files

it published and maintained concerning Plaintiff—they received Plaintiff's bankruptcy information, but failed to update Plaintiff's credit file accordingly.

67. CRA Defendants violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and to subsequently delete or correct the information in Plaintiff's credit report.

68. Had the CRA Defendants taken *any* steps to investigate Plaintiff's valid disputes, they would have determined that the subject debt was in fact discharged in bankruptcy. Not only did the CRA Defendants receive all notices and information relating to Plaintiff's bankruptcy, Plaintiff provided the CRA Defendants with his bankruptcy information in his dispute.

69. CRA Defendants violated 15 U.S.C. §1681i(a)(2) by failing to send all relevant information that they received in Plaintiff's first and second requests for investigation to Wells Fargo.

70. CRA Defendants violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that they received relating to Plaintiff's dispute.

71. CRA Defendants violated 15 U.S.C. §1681i(a)(5)(A) by failing to delete or modify the inaccurate information which was the subject of Plaintiff's dispute.

72. CRA Defendants violated 15 U.S.C. §1681i(a)(5)(B) by re-reporting the inaccurate information without certification from Well Fargo and US Bank that the information was complete and accurate, and without sending notice of the re-insertion to Plaintiff.

73. CRA Defendants violated 15 U.S.C. §1681i(a)(5)(C) by failing to maintain reasonable procedures to prevent the reappearance of inaccurate information.

74. As pled in paragraphs 57 through 61 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of the CRA Defendants.

75. As pled in paragraphs 62 through 64 above, the conduct, actions, and inaction of the CRA Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

76. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff, Dusty Schlotfeldt, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. ordering the deletion or modification of all adverse credit reporting relating to the subject debt;

c. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (WELLS FARGO AND US BANK)

77. Plaintiff realleges and reincorporates paragraphs 1 through 64 above as if fully set out herein.

78. Wells Fargo and US Bank violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving the request for investigation from the CRA Defendants triggered by Plaintiff's dispute.

79. Had Wells Fargo and US Bank taken *any* steps to investigate Plaintiff's valid dispute, they would have determined that the subject debt was in fact discharged. Wells Fargo and US Bank had notice of Plaintiff's bankruptcy discharge by virtue of their receipt of the BNC notices and Plaintiff provided his bankruptcy information in his dispute to the CRAs.

80. Furthermore, Wells Fargo had actual notice of all information relating to Plaintiff's bankruptcy through its active participation in Plaintiff's bankruptcy.

81. Wells Fargo and US Bank violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRA Defendants relating to Plaintiff's dispute.

82. Wells Fargo and US Bank violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the incorrect information, with respect to the subject debt.

83. As pled in paragraphs 57 through 61 above, Plaintiff has suffered various types of damage as a result of the conduct, actions, and inaction of Wells Fargo and US Bank.

84. As pled in paragraphs 62 through 64 above, the conduct, actions, and inaction of Wells Fargo and US Bank were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

85. In the alternative, Wells Fargo and US Bank were negligent, entitling Plaintiff to recover under 15 U.S.C. §1681o.

86. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorneys' fees from Wells Fargo and US Bank in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

WHEREFORE, Plaintiff, Dusty Schlotfeldt, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. ordering the deletion of all adverse credit reporting relating to the pre-petition debt;

c. awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. awarding Plaintiff statutory damages of $1000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. 1681o; and

g. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### (AGAINST US BANK)

87. Plaintiff repeats and realleges paragraphs 1 through 64 as though fully set forth herein.

88. US Bank placed at least fifty (50) calls to Plaintiff's cell phone, using an automatic telephone dialing system ("ATDS"), in an attempt to collect the subject debt between June 2013 and July 2015.

89. US Bank did not have consent to call Plaintiff regarding the subject debt.

90. Any prior consent was expressly revoked by Plaintiff's bankruptcy filing.

91. Moreover, once the US Bank account was discharged, US Bank no longer had any business relationship with Plaintiff.

92. The TCPA prohibits calling persons on their cell phones using an ATDS. 47 U.S.C. § 227(b)(1)(iii).

93. Pursuant to 47 U.S.C. §227(b)(3)(B), US Bank is liable to Plaintiff for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), US Bank's willful and

knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is entitled under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, Dusty Schlotfeldt, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Plaintiff treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
**(Against US Bank)**

94. Plaintiff repeats and realleges paragraphs 1 through 64 as though fully set forth herein.

95. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1, et seq.

96. US Bank engaged in commerce in the State of Illinois with regard to Plaintiff, the Albany property, and the Albany property loan. US Bank specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in its regular course of business.

97. US Bank's demands for payment on the Albany property loan, which was duly scheduled in Plaintiff's bankruptcy and ultimately discharged, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not owed at the time the demands for payment were made.

98. It was unfair for US Bank to seek to collect a debt included in bankruptcy from Plaintiff through misleading letters and phone calls to his cell phone.

99. It was unfair and deceptive for US Bank to attempt to coerce and mislead Plaintiff into paying on a debt that is no longer legally owed.

100. US Bank intended that Plaintiff rely on the its misrepresentations and Plaintiff did in fact rely on the unfair acts to his detriment.

101. Plaintiff relied upon US Bank's false and misleading information by listening to voicemails regarding the Albany property while on his cell phone and spending time and money to consult with his attorneys regarding the legal effect of his discharge.

102. An award of punitive damages is appropriate because US Bank's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued letters and phone calls.

WHEREFORE, Plaintiff, Dusty Schlotfeldt, respectfully requests that this Honorable Court enter judgment in his favor as follows:

e. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

f. awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

g. awarding the Plaintiff costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c); and

h. awarding any other relief as this Honorable Court deems just and appropriate.

17

Dated: July 29, 2015                    Respectfully Submitted,
                                        /s/ Daniel J. McGarry
                                        /s/ Mohammed O. Badwan
                                        Daniel J. McGarry, Esq. ARDC#6309647
                                        Mohammed O. Badwan, Esq. ARDC#6299011
                                        *Counsel for Plaintiff*
                                        Sulaiman Law Group, LTD
                                        900 Jorie Blvd, Ste 150
                                        Oak Brook, IL 60523
                                        Phone (630)575-8181