IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DUSTY SCHLOTFELDT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 6656 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| WELLS FARGO HOME MORTGAGE, INC., | ) | |
| U.S. BANCORP, EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| VERONICA SCHLOTFELDT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 6659 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| WELLS FARGO HOME MORTGAGE, INC., | ) | |
| U.S. BANCORP, EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Dusty Schlotfeldt ("Dusty") and Veronica Schlotfeldt ("Veronica") each filed complaints against defendants Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), U.S. Bancorp[1], Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"). Veronica's complaint alleges in Count I that defendants Equifax and Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and in

---

[1]In its motions to dismiss, defendant states that plaintiffs improperly identified it as U.S. Bancorp, when its proper name is U.S. Bank National Association. As such, the court will refer to this defendant as U.S. Bank.

Count II that defendants U.S. Bank and Wells Fargo violated the FCRA. Based on nearly identical factual allegations, Dusty alleges that defendants Equifax and Experian violated that FCRA (Count I), Wells Fargo and U.S. Bank violated the FCRA (Count II), and that U.S. Bank violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (Count III), and the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 et seq. (Count IV). Defendants Wells Fargo and U.S. Bank filed motions to dismiss plaintiffs' complaints pursuant to Fed. R. Civ. P. 12(b)(6). Because plaintiffs' complaints and defendants' motions share many of the same factual bases and arguments, the court joined the cases for purposes of the present motions. For the reasons discussed below, Wells Fargo's motions to dismiss are denied, U.S. Bank's motion to dismiss Veronica's complaint is denied, and U.S. Bank's motion to dismiss Dusty's complaint is granted in part and denied in part.

## BACKGROUND[2]

According to their complaints, plaintiffs filed for Chapter 13 bankruptcy on May 31, 2013. Plaintiffs listed Wells Fargo and U.S. Bank as scheduled creditors in their bankruptcy petition, as both banks had provided plaintiffs with mortgages secured by separate properties. For notice purposes, plaintiffs also listed Equifax and Experian (the "CRA defendants") in their bankruptcy Schedule F. On June 5, 2013, the Bankruptcy Noticing Center served all defendants with notices of plaintiff's Chapter 13 bankruptcy filing and plan. The notices stated that creditors are generally prohibited from contacting the debtor by telephone, mail, or otherwise to demand payment.

---

[2]The following facts are taken from plaintiffs' complaints and are assumed to be true for purposes of these motions to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

On June 12, 2013, Wells Fargo filed an appearance in plaintiffs' bankruptcy case through counsel. According to plaintiffs' complaints, U.S. Bank did not participate in their bankruptcy. Veronica's complaint alleges that in June 2013, U.S. Bank began sending her letters demanding payment on the loan. Dusty's complaint alleges that in addition to sending letters, U.S. Bank also began calling his cell phone demanding payment. Dusty alleges that between June 2013 and July 2015, U.S. Bank made approximately 50 telephone calls to his cell phone.

The bankruptcy judge confirmed plaintiffs' Chapter 13 bankruptcy plan on September 18, 2013. Thereafter, on November 18, 2013, Wells Fargo filed a motion requesting relief from the bankruptcy's automatic stay to proceed with foreclosure. Wells Fargo's motion was granted on November 27, 2013. On December 19, 2013, the bankruptcy court entered an order discharging all of plaintiffs' dischargeable debts, including the debts owed to Wells Fargo and U.S. Bank. Defendants were served with the order of discharge on December 21, 2013.

After the bankruptcy discharge, plaintiffs discovered that their consumer credit files did not reflect that their debts to Wells Fargo and U.S. Bank had been discharged. On March 21, 2014, plaintiffs each sent written disputes to the CRA defendants, requesting that their credit files be updated to reflect the zero balance and discharged status of all accounts discharged in their bankruptcy. As a part of their written disputes, plaintiffs attached a copy of the bankruptcy court's discharge order, requested an investigation into the U.S. Bank and Wells Fargo accounts, and requested that their letters be forwarded to the two banks.

Equifax sent Veronica a response to her written dispute on April 6, 2014, stating that it had received the bankruptcy information, which was "currently reporting as discharged." With respect to the U.S. Bank account, Equifax stated that it had been updated to show that it was

included in the bankruptcy, but the account still reflected a balance, past-due amount, and late payments. Equifax's response did not address the Wells Fargo account. Experian responded to Veronica's written dispute on April 9, 2014, stating that it had updated both the Wells Fargo and U.S. Bank accounts. However, both accounts still reflected balances, scheduled payments, and late payments.

Experian responded to Dusty's written dispute on April 9, 2014, stating that it had updated both the Wells Fargo and U.S. Bank accounts. Equifax's response to Dusty's written dispute, sent on April 25, 2014, stated that it had researched the Wells Fargo account and that "[t]his creditor has verified to OUR company that the current status is being reported correctly." According to the response, the Wells Fargo account had a balance of $292,388, a past due amount of $27,987, a scheduled payment amount of $2,327, and numerous late payments. With respect to the U.S. Bank account, Equifax's response stated that "[t]his account has been updated to show included in bankruptcy," but the account still reflected scheduled payments and late payments.

On May 14, 2014, U.S. Bank sent plaintiffs a letter informing them that it had reported certain information to the credit reporting agencies concerning their loan from U.S. Bank, including the principal balance amount of $393,082.77. As of June 17, 2015, when Veronica obtained her three-bureau credit report, Equifax continued to inaccurately report the Wells Fargo account as delinquent, with monthly payments of $2,327, and no reference to the bankruptcy discharge. Equifax also reported a balance of $393,082 owed on the U.S. Bank account, that the account was over 120 days late, and a past due amount of $74,572. Experian reported that the

4

Wells Fargo account was over 120 days late, that Veronica owed multiple late payments, and did not include reference to the bankruptcy discharge.

Dusty's June 17, 2015, three-bureau credit report showed that Equifax continued to inaccurately report that the Wells Fargo account had a balance of $292,388 and a past due amount of $60,312, without any indication of the bankruptcy discharge. With respect to the U.S. Bank account, Equifax had removed the information concerning the bankruptcy discharge, and "re-inserted a balance of $393,082, a past due amount of $68,529, and late payments." The report also showed that Experian removed the bankruptcy discharge information from the Wells Fargo account, re-inserting a balance of $292,388, a past due amount of $60,312, and late payments.

Plaintiffs allege that because of defendants' inaccurate credit reporting, they have been unable to "seek a fresh start in life," since filing for bankruptcy. Plaintiffs complain that they have been unable to purchase a new home, have been denied financing or been forced to pay higher financing rates, and have had to pay increased amounts to secure homeowners and auto insurance policies. According to plaintiffs, because of defendants' inaccurate credit reporting, potential lenders believe that they have approximately $700,000 in mortgage debt. Plaintiffs allege that the defendant CRAs violated the FCRA by, among other things, failing to establish or follow reasonable procedures to assure the accuracy of the credit files they publish and maintain and by failing to conduct a reasonable investigation to determine whether the disputed information was correct. Likewise, plaintiffs allege that Wells Fargo and U.S. Bank violated the FCRA "by failing to conduct an investigation with respect to the disputed information after

receiving the request for investigation from the CRA Defendants triggered by Plaintiff's dispute."

## DISCUSSION

**A.     Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v. City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B.     Analysis**

**1.     FCRA**

Both Wells Fargo and U.S. Bank argue that plaintiffs' FCRA claims should be dismissed pursuant to Rule 12(b)(6), because plaintiffs fail to allege that they had written notice from the defendant CRAs of plaintiffs' disputes. 15 U.S.C. § 1681s-2(a) regulates entities, such as U.S. Bank and Wells Fargo, that furnish information to credit reporting agencies. The statute

establishes the duty of such entities to provide accurate information.  While section 1681s-2(a) does not provide a private right of action by a consumer against a furnisher, section 1681s-2(b), which regulates the duties of furnishers of information upon notice of a dispute, does.  15 U.S.C. § 1681s-2(b).  Pursuant to section 1681s-2(b), entities that furnish information to credit reporting agencies must investigate disputed credit information and report the results to the agencies.  Id.; see also Gulley v. Pierce & Assoc., No. 10-C-573, 2010 WL 5060257, at *4 (N.D. Ill. Dec. 6, 2010).  "A furnisher's duty to investigate under section 1681s-2(b) is triggered when the furnisher receives notice of a disputed debt pursuant to section 1681i(a)(2)."  Gulley, 2015 WL 5060257 at *4 (internal quotations omitted).

As an initial matter, plaintiffs allege multiple times that Wells Fargo and U.S. Bank received notice of their disputes from the CRA defendants.  Paragraph 78 of Dusty's complaint and paragraph 72 of Veronica's complaint allege that Wells Fargo and U.S. Bank violated the FCRA "by failing to conduct an investigation with respect to the disputed information *after receiving the request for investigation from the CRA Defendants.*"  Likewise, paragraph 81 of Dusty's complaint and paragraph 75 of Veronica's complaint allege that Wells Fargo and U.S. Bank violated the FCRA "by failing to review all relevant information *provided by the CRA Defendants* relating to Plaintiff's dispute."  As such, contrary to Wells Fargo's and U.S. Bank's arguments, plaintiffs have alleged that they received notice of the disputed information from the CRA defendants.

The court also rejects U.S. Bank's and Wells Fargo's arguments that plaintiffs were required to allege that the CRAs notified them of the dispute in writing.  Neither Wells Fargo nor U.S. Bank cite any Seventh Circuit precedent articulating such a requirement, and a cursory

7

review of section 1681i(a)(2), likewise reveals no such requirement.  In fact, section 1681i(a)(2) states that the credit reporting "agency shall provide notification of the dispute . . . in the manner established with" the furnisher.  15 U.S.C. § 1681i(a)(2)(A).  Because the statute specifically articulates that notice given on other occasions must be in writing, see, e.g., 15 U.S.C. § 1681i(a)(5)(B), it is clear that Congress did not intend such a requirement with respect to section 1681i(a)(2).

Wells Fargo further contends that plaintiffs' own allegations demonstrate that it did not have proper notice of the dispute to trigger any duty under section 1681s-2(b).  According to Wells Fargo, plaintiffs' allegations that the CRA defendants violated the FCRA "by failing to send all relevant information that they received in Plaintiff's first and second requests for investigation to Wells Fargo," establishes that Wells Fargo did not receive sufficient notice under the FCRA.  Because 1681i(a)(2) provides that notice sent to a furnisher "shall include all relevant information regarding the dispute that the agency received from the consumer," Wells Fargo contends that plaintiffs have pled themselves out of court.  Plaintiffs should not, Wells Fargo argues, be able to plead such factual allegations – that the CRAs are liable under the FCRA for not providing all relevant information to Wells Fargo and that Wells Fargo is liable under the FCRA for failing to properly investigate upon notice of the dispute – in the alternative, because section 1681i(a)(6)(B)(iii) provides a means for consumers to ascertain whether a furnisher was properly notified of the dispute prior to filing suit.  The court disagrees.

Pursuant to Rule 8(d)(3), a party "may state as many separate claims or defenses as it has, regardless of consistency."  See also Peterson v. McGladrey & Pull, LLP, 676 F.3d 594, 597 (7th Cir. 2012) ("[T]here's no rule against inconsistent pleadings in different suits, or for that matter a

single suit."). Accordingly, although plaintiffs will not be able to recover under both theories, they are permitted to plead them in the alternative. The cases Wells Fargo relies on in support of its argument to the contrary are distinguishable from the pleadings in the instant case, and therefore do not persuade the court otherwise. For example, unlike plaintiffs here, the plaintiff in Neiman v. Chase Bank, USA, N.A., No. 13-C-8944, 2014 WL 3705345 (N.D. Ill. July 25, 2014), failed to allege that the furnisher received any notice from the CRAs.

Moreover, as held by the Supreme Court, even after Twombly, "[s]pecific facts are not necessary [in a complaint]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S at 555). As such, complaints in federal court need only satisfy a notice pleading standard. See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663, 667 (7th Cir. 2007). Plaintiffs' complaints as currently pled provide Wells Fargo and U.S. Bank with fair notice of their FCRA claims and the grounds upon which the claims rests. Accordingly, Wells Fargo and U.S. Banks motions to dismiss Count II of plaintiffs' complaints are denied.

    **2.**    **TCPA**

U.S. Bank argues that Count III of Dusty's complaint should be dismissed for failure to state a claim. Specifically, U.S. Bank complains that Dusty has failed to allege facts giving rise to the reasonable inference that U.S. Bank used an automated telephone dialing system ("ATDS") when it called his cell phone attempting to collect on its loan following plaintiffs' bankruptcy. According to U.S. Bank, it is not sufficient for Dusty to merely plead that U.S.

9

Bank used an ATDS, but instead he must also allege facts that plausibly suggest such a system was used. The court agrees.

As evidenced from the cases cited by each party, courts in this district are split concerning what is required to state a claim under the TCPA. See Martin v. Direct Wines, Inc., No. 15-C-757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) (dismissing the plaintiff's TCPA claim where all he alleged was that the defendant used a "Five9 or similar dialer technology"); *compare with* Lozano v. Twentieth Century Fox Film Corp., 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) (holding that the plaintiff sufficiently stated a claim for violation of the TCPA by alleging that the defendant used an ATDS). Notwithstanding this disagreement, as Dusty's TCPA claim currently stands, the allegations do not plausibly suggest, above the speculative level, that U.S. Bank used an ATDS. See Twombly, 550 U.S. at 555. While it is indeed possible, as Dusty contends, "[g]iven the technological advances of our era," that U.S. Bank used an ATDS to place the calls at issue, Dusty's allegations do not make it plausible. Contrary to Dusty's arguments, it might be possible for him to provide additional details at this time to support his conclusory allegation regarding U.S. Bank's use of an ATDS. For example, Dusty could have described what happened when he attempted to answer one of the calls, such as a distinctive click and pause or lack of human response. Consequently, U.S. Bank's motion to dismiss Count III of Dusty's complaint is granted.[3]

---

[3]Dusty argues in his response brief to U.S. Bank's motion to dismiss that he "believes that the discovery process will reveal that the calls were placed with an ATDS." If the discovery process does in fact disclose that U.S. Bank used such a system (a simply interrogatory should be sufficient), plaintiff can seek leave to amend his complaint consistent with this opinion at that time.

10

### 3. ICFA

Finally, U.S. Bank argues that Count IV of Dusty's complaint should be dismissed for failing to meet the heightened pleading requirements under Rule 9. To adequately plead a private cause of action under the ICFA, a plaintiff must allege: (1) an unfair or deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; (4) actual damage to the plaintiff; and (5) that such damages were proximately caused by the defendant's deception. Thrasher-Lyon v. Illinois Farmers Ins. Co., 861 F. Supp. 2d 898, 908-09 (N.D. Ill. 2012). Where an ICFA claim is based on fraud or misrepresentations, it must comply with the heightened pleading standards of Rule 9. Id. at 909. In such cases, "a plaintiff must allege with particularity the who, what, when, where, and how of the fraud or misrepresentation." Id. (internal quotations omitted).

Although Dusty's ICFA claim alleges that U.S. Bank's attempt to collect a debt discharged in bankruptcy was unfair, it also alleges that U.S. Bank misrepresented his obligations concerning the debt. See Dusty's Complaint ¶ 99 ("It was unfair and deceptive for US Bank to attempt to coerce and mislead Plaintiff into paying a debt that is no longer legally owed."). Accordingly, Dusty's ICFA claim must be pled with the particularity required by Rule 9(b). Contrary to U.S. Bank's argument, however, Count IV of Dusty's complaint meets this heightened pleading standard. Dusty alleges that U.S. Bank (who) sent him letters and called him approximately 50 times (how) between June 2013 and July 2015 (when), attempting to collect a debt that he no longer owed (what). Consequently, U.S. Bank's motion to dismiss Count IV of Dusty's complaint is denied.

**CONCLUSION**

For the foregoing reasons, the court denies Wells Fargo's and U.S. Bank's motions to dismiss Count II of Veronica's complaint and Wells Fargo's motion to dismiss Count II of Dusty's complaint. The court grants in part and denies in part U.S. Bank's motion to dismiss Counts II, III, and IV of Dusty's complaint; U.S. Bank's motion is denied as to Count II and IV and granted as to Count III. U.S. Bank and Wells Fargo are directed to file answers to the remaining counts on or before February 22, 2016. The parties are directed to prepare and file a Joint Status Report using this court's form on or before February 25, 2016. This matter is set for status on March 2, 2016, at 9:00 a.m.

**ENTER:** February 3, 2016

_____
**Robert W. Gettleman
United States District Judge**